```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA                    :
                                            :
        -v-                                 :
                                            :                    20cr17 (FB)
                                            :
GIBSON WINTERS,                             :
                        Defendant.          :                    ORDER
                                            :
-----------------------------------------------------------------X
```

Steven M. Gold, United States Magistrate Judge:

  Defendant Gibson Winters is charged in an indictment with, among other things, distribution of twenty-eight grams or more of cocaine base.  Indictment, Count Two, Dkt. 1.  An individual convicted of distributing that amount of cocaine faces a minimum sentence of five years of incarceration and a maximum sentence of forty years of incarceration.  21 U.S.C. § 841(b)(1)(B)(iii).  A presumption therefore arises under the Bail Reform Act that no combination of conditions will reasonably assure the appearance of the defendant or the safety of the community.  18 U.S.C. § 3142(e)(3)(A).

  Defendant Winters was arraigned on the indictment on August 7, 2020.  Dkt. 7.  At that time, the prosecution submitted a letter motion seeking detention, Det. Mem., Dkt. 7, and the Court ordered that Winters be detained, Order of Detention, Dkt. 5.

  Winters has now filed a motion seeking pretrial release.  Bond Motion, Dkt. 18.  I held a hearing on the motion on November 13, 2020.  Min. Entry, Dkt. 19.  The prosecution has filed two post-hearing submissions, Dkt. 21 and 22, and the defendant has filed a response, Dkt. 23.  Having considered the arguments presented by the prosecution and the defense, I conclude that the presumption applies, and that in addition to its reliance on the presumption the prosecution has presented clear and convincing evidence that the defendant poses a danger to the community.

Two disputes raised by the parties' submissions warrant discussion. First, defendant questions whether the prosecution may even move for detention on grounds of dangerousness, and contends in this regard that the net weight of the cocaine base involved in defendant's offense totals just less than twenty-eight grams. Bond Motion at 7, 11. This argument is flawed in two respects. First, the prosecution may move for detention on dangerousness grounds whenever a defendant is charged with a narcotics offense carrying a maximum term of imprisonment of ten years or more, 18 U.S.C. § 3142(f)(1)(C), and distribution of *any* amount of cocaine carries a maximum sentence of twenty years, 21 U.S.C. §§ 841 (b)(1)(C) (providing for a sentence of up to twenty years for distribution of a controlled substance in schedule II); 812 (listing cocaine as a Schedule II controlled substance). Second, during the hearing, the prosecution represented that substantial amounts of cocaine attributable to defendant have not yet been subjected to laboratory testing but will be, and that testing will undoubtedly bring the total amount well above twenty-eight grams. Tr. of Nov. 13, 2020 at 19, Dkt. 20.

The second issue involves the identification of an individual seen in surveillance video recordings chasing after another individual and shooting at him with a handgun on city streets in broad daylight on August 3, 2019. The prosecution describes the shooting in detail in its Detention Motion and contends that defendant is the shooter. Det. Mot. at 4-5. Defendant questions the reliability of that identification.

Although the prosecution submitted the video recordings of the shooting to the Court, I was unable to determine with confidence that the defendant is the person depicted in the recordings as the shooter. In response to an inquiry from the Court, though, the prosecution has submitted the affidavit of Special Agent Michael A. Gonzalez. Gonzales Aff., Dkt 22-1. In that affidavit, Gonzalez avers that he recognizes the defendant as the shooter and explains in detail

the basis upon which he makes his identification. Among other things, Gonzales points out that he has reviewed video recordings of more than twenty controlled purchases of narcotics from defendant Winters, Gonzales Aff. ¶ 15, and has also examined social media accounts associated with him, Gonzales Aff. ¶ 6. The video surveillance of the August 3 shooting provides clear images of the perpetrator. *See* Prosecution Ltr. dated Nov. 13, 2020, Ex. A, Dkt. 21. Based on his opportunity to view a large number of other images of the defendant, and for the other reasons he describes in his affidavit, I find that Gonzales' statements clearly and convincingly establish that defendant Winters is the shooter depicted in the August 3, 2019 video surveillance recordings. I further conclude that the video recordings establish that Winters is a danger to the community.

The offense conduct charged in the indictment gives rise to a presumption in favor of detention. There is, moreover, clear and convincing evidence that the defendant poses a serious danger and that there are no conditions of pretrial release that could reasonably assure the safety of the community. Accordingly, defendant's motion for pretrial release is denied.

SO ORDERED.

*Steven M. Gold USMJ*
Steven M. Gold
United States Magistrate Judge

Dated: November 22, 2020
      Brooklyn, New York